NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 12 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHARLES BUFKIN, | No. 18-17272 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-00588-KJN |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Kendall J. Newman, Magistrate Judge, Presiding

Submitted February 11, 2021[**]
San Francisco, California

Before: SILVERMAN, GRABER, and CLIFTON, Circuit Judges.

Charles Bufkin appeals the district court's judgment affirming the

Commissioner of Social Security's denial of his application for supplemental

security income under Title XVI of the Social Security Act. We have jurisdiction

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. Reviewing de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), we affirm the district court's judgment.

Substantial evidence supports the administrative law judge's ("ALJ") assessment that Bufkin had the residual functional capacity ("RFC") to perform medium work. The ALJ properly relied on the opinions of three doctors from 2013. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (opinions of non-treating or non-examining doctors may serve as substantial evidence). As to evidence after December 2013, the ALJ properly considered all of the various types of evidence in the medical record, including objective evidence such as x-rays, Bufkin's treatment history, and clinical findings, and properly translated and incorporated this evidence into an RFC finding. *See* 20 C.F.R. §§ 416.913(a), 416.945(a)(3); *Rounds v. Comm'r*, 807 F.3d 996, 1006 (9th Cir. 2015). Contrary to Bufkin's argument, the ALJ did not rely on her "lay interpretation" of medical evidence. Rather, the ALJ simply summarized the medical evidence from Dr. Parminder and Dr. Emlein; she did not interpret any x-rays or test results directly. ALJs need not seek the opinion of a medical expert every time they review new medical evidence and make a RFC determination. *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001) (determining RFC "is the responsibility of the ALJ, not the claimant's physician") (citing 20 C.F.R. § 404.1545).

Substantial evidence also supports the ALJ's discounting of Bufkin's

testimony regarding his symptoms. The ALJ performed the required two-step analysis and provided specific, clear and convincing reasons for her assessment. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). The ALJ properly cited Bufkin's daily activities, his receipt of routine and conservative treatment, his periodic failure to take prescribed cardiac medication, and a lack of support in the medical record. *See Molina*, 674 F.3d at 1113-14 (daily activities, failure to follow prescribed course of treatment); *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (conservative treatment); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (medical evidence). Any error in the ALJ's reliance on a lack of treating source opinions in the record was harmless. *See Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).

**AFFIRMED.**